SYLVESTER CAHILL *versus* MARY BIGELOW and Trustee.

The defendant having contracted to board the respondent's laborers at his expense, it was verbally agreed between the defendant, the respondent and a third person, that the latter should deliver and charge provisions to the defendant, and the respondent would see him paid therefor. *Held*, that this promise of the respondent was within the statute of frauds.

Where one summoned as trustee made answer, that a debt was due from him to the defendant, but that he had verbally promised and he considered himself bound to pay a debt to a greater amount due from the defendant to a third person, it was *held*, that he was not obliged to set up the statute of frauds to avoid this promise, and that if he chose not to avail himself of it, he was not chargeable as trustee.

THE answer of Windsor Hatch, the alleged trustee, set forth, that the principal defendant had kept a boarding-house for the workmen employed in the respondent's manufactory, and that he became debtor for their board ; that at the time when the defendant began to keep the boarding-house, it was agreed verbally between the respondent, the defendant, and several persons named, who subsequently furnished her with provisions and other supplies, that the supplies should be delivered and charged to her, and that, at the end of each quarter, the respondent would see that the persons who furnished them were paid ; that the supplies were accordingly charged to the defendant, and the respondent paid all such charges up to January 1st, 1835 ; that at the time of the service of the writ, the amount due on account of supplies furnished upon the strength of the respondent's guaranty, exceeded the amount due to the defendant for board ; that the balance had never been less since that time, as she very soon afterwards left the boarding-house, and had not paid any part of the bills ; that if the respondent was legally liable for those charges which remained unpaid, in consequence of such verbal arrangement, then he had no goods, effects or credits of the defendant in his hands and possession at the time of the service of the writ ; that otherwise there was a balance due to her at that time ; that the respondent had always been in the habit of making such arrangements respecting the boarding of his workmen ; and that he considered himself bound to pay such charges, as those who furnished supplies for

the boarding-house, would not have done it, if it had not been for his engagement to see them paid.

*Burnside*, for the plaintiff, to the point, that the undertaking of the defendant was collateral, and within the statute of frauds, cited *Leonard* v. *Vredenburgh*, 8 Johns. R. 29 ; *Tileston* v. *Nettleton*, 6 Pick. 509 ; *Matson* v. *Wharam*, 2 T. R. 80 ; *Jones* v. *Cooper*, Cowp. 227 ; *Anderson* v. *Hayman*, 1 H Bl. 120.

*Washburn, contrà.* If the undertaking of the respondent is within the statute of frauds, he has a right to avail himself of that statute or not, as he chooses, it being a personal privilege ; and the plaintiff, who is a stranger, cannot interpose and oblige him to set up the statute in avoidance of his contract. *Boardman* v. *Roe*, 13 Mass. R. 104 ; *Mills* v. *Wyman*, 3 Pick. 207.

But the undertaking of the respondent was not within the statute of frauds. *Perley* v. *Spring*, 12 Mass. R. 297 ; *Swan* v. *Nesmith*, 7 Pick. 223 ; *Towne* v. *Grover*, 9 Pick. 306 ; Chitty on Contr. 203.

SHAW J. C. delivered the opinion of the Court. The only question is, whether the trustee is chargeable on his answer, as having goods, effects or credits of Mrs. Bigelow, the principal defendant, at the time of the service of the writ. On the facts disclosed in the answer, the attaching creditor contends, that the trustee is chargeable, on the ground, that he was indebted to the principal for the board of his workmen, and that his undertaking to pay those who supplied her, was void by the statute of frauds, because it was a promise to pay the debt of another, without any note or memorandum in writing. On the contrary, the trustee insists, that he is entitled to be discharged, first, because his undertaking to pay those who furnished supplies to Mrs. Bigelow, was original and not collateral, and so not within the statute of frauds ; and secondly, because, if otherwise, the trustee is not bound to set up the statute of frauds to avoid his engagements, his contract was voidable and not void, and if he does not elect to avoid it, he is not bound to do so, to aid an attaching creditor.

On the first point the Court are all of opinion, that the undertaking of Hatch, the trustee, to pay for supplies furnished

to Mrs. Bigelow, was collateral and conditional, to pay if she did not, to pay her debt, and so was within the statute of frauds. Had any one of these persons brought an action against Hatch, and he had chosen to rely on the statute of frauds, it would have been a good defence, there being no note or memorandum in writing. We consider this point well settled by authorities. The test is this, when the promise is made before the credit is given, to decide whether one promising is an original debtor or a guarantor, namely, whether credit was given to the person receiving the goods. If it was, then such promisor is a guarantor only, undertaking to pay another's debt ; if no credit was given to the person receiving the goods, then the promisor is himself debtor for goods sold to him and delivered to another person, by his order, his promise is not to pay the debt of another, and a parol promise, being made upon a good consideration, is a good contract at common law and binds him, and is not within the statute of frauds. *Matson* v. *Wharam*, 2 T. R. 80 ; *Jones* v. *Cooper*, Cowp. 227 ; *Anderson* v. *Hayman*, 1 H. Bl. 120.

We are aware, that a contrary opinion appears to be expressed in one case in this Commonwealth. *Perley* v. *Spring*, 12 Mass. R. 297. It is believed, that the opinion there expressed by the Chief Justice, in delivering the opinion of the Court, was not necessary to the decision of that case. With great deference to the generally accurate opinions of that distinguished jurist, we think it probable, that this opinion was drawn up in haste and without reference to the authorities. This appears obvious from the suggestion contained in it, that the uniform construction given by the English courts to that branch of the statute, has been, to consider the provision as applicable only to the pre-existing debts of a third person. The case apparently overlooks the distinction between a good consideration for a promise, at common law, and the evidence required by statute to prove such promise, when it is to pay the debt of another. *Rann* v. *Hughes*, 7 T. R. 350, note. But we think that the case of *Perley* v. *Spring*, was substantially overruled by a subsequent case, in which, apparently, the same eminent judge concurred. *Tileston* v. *Nettleton*, 6 Pick. 509.

Cahill
v.
Bigelow
and Tr.

In the present case, it appears perfectly clear upon the trus-tee's answer, that the supplies were in the first 'nstance charg-ed to Mrs. Bigelow, that she was debtor for them, and that the promise of Hatch was to see the creditors paid, in other words, to pay her debt.

Upon the other point, the Court are of opinion, that the guarantor by parol was not bound, against his own choice, to set up the statute of frauds, to avoid his promise to pay for the supplies furnished to Mrs. Bigelow. The contract entered into by him with these persons, was a lawful one, made on sufficient consideration, and would be good at common law. But the statute, on considerations of policy, intervenes and declares, that such a contract shall not be enforced by action, unless the agreement or some memorandum thereof shall be in writing. *St.* 1788, *c.* 16, § 1.

But the statute is intended as a shield, and is to be used for the protection of those, who would be in danger of suffering injury from false testimony by setting up pretended parol promises of guaranty. The statute does not declare the con-tract void, but merely provides, that no action shall be brought whereby to charge, &c. unless the contract, or some memo randum thereof, be in writing. The effect of the statute is, that the promisor, who would otherwise be liable to such an action, may avoid it.

The guaranty having been given by the request of the debtor, and for her benefit, whatever should be paid upon it by the guarantor must be deemed to be paid at her request, and for her account, and would be chargeable to her, and must go to discharge the debt due from him to her. The trustee in effect declares his election, not to avail himself of the statute of frauds to avoid his parol undertaking to pay these debts, but to pay them according to the original understanding between him and the other parties ; and the Court are of opinion, that he has a right to do so and to charge the payments in his account with Mrs. Bigelow ; in which case there is nothing remaining in his hands due to her, liable to the attachment. See *Alexander* v. *Vane*, 1 Mees. & Welsby, 511.

*Trustee discharged.*